UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA M. PASDEN,

    Plaintiff,

v.                                   Case No. 15-12128

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                       /

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTION;
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;
(3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND (4)
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Christina M. Pasden appeals from Defendant Commissioner of Social Security's final decision denying her benefits under 42 U.S.C. § 405(g). Magistrate Judge Anthony P. Patti issued a Report and Recommendation ("R&R") advising the court to grant Defendant's motion for summary judgment and to deny Plaintiff's motion for the same. (Dkt. # 22.) Plaintiff timely filed an objection to the R&R ("Objection"). (Dkt. # 23.) Defendant filed a Reply to Plaintiff's Objection ("Reply"). (Dkt. #24.) After reviewing the R&R and the briefs of both Parties, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below and in the well-reasoned R&R, the court will overrule Plaintiff's objection and adopt the R&R.

**I. STANDARD**

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*,

447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## II. DISCUSSION

Magistrate Judge Patti outlined two bases upon which to grant summary judgment against Plaintiff. First, the R&R notes that the ALJ's failure to name certain doctors but instead reference their treatment reports as exhibits did not indicate a failure to consider evidence, nor were these records considered "medical opinions" which an ALJ is required to consider pursuant to the treating physician rule, 20 C.F.R. 404.1527. Second, Magistrate Judge Patti concluded that the ALJ did not err in failing to mention the psychiatric consultative examination by Dr. Cho resulting in a diagnosis of depression, because the ALJ is not required to address every piece of evidence and the diagnosis did not address Plaintiff's ability to work. In essence, the R&R reflects a

determination that the ALJ's conclusions satisfied the applicable "substantial evidence" standard despite its cursory treatment of some evidence favorable to Plaintiff.

Plaintiff offers three objections to the R&R: 1) the ALJ was indeed required to supply "good reasons" for the weight accorded to each treating physician's opinions; 2) the treatment records at issue did constitute "medical opinions" that the ALJ must consider despite the fact that they did not discuss Plaintiffs' vocational limitations; and 3) the ALJ was bound to consider and specifically discuss Dr. Cho's psychiatric evaluation. In response to Plaintiff's objections, Defendant's Reply essentially reiterates the reasoning of the R&R in further detail.

Plaintiff is incorrect when she states that the R&R contains a "completely inaccurate summary of controlling principles" as to whether the ALJ was required to specifically describe every record. The Sixth Circuit has held that, although it "might be ideal for an ALJ to articulate his reasons for crediting or discrediting each medical opinion," an ALJ need not "articulate his reasons for crediting or discrediting each medical opinion" so long as the factual findings as a whole demonstrate that he considered them. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 509-08 (6th Cir. 2006). Medical opinions by treating physicians are afforded controlling weight under the "treating physician rule" and 20 C.F.R. § 404.1527(c), but the R&R rightly concluded that the records at issue do not qualify as such, since they do not "opine on what Plaintiff can do" or "address what restrictions might be due to her alleged symptoms." *See Winter v. Comm'r of Soc. Sec.*, No 12-11962, 2013 WL 4604782, at *3 (E.D. Mich. Aug. 29, 2013) (records at issue were not medical opinions where they "do not opine at all on

3

what Plaintiff can do despite her symptoms or on what her physical and mental restrictions might be due to her alleged symptoms").

Plaintiff is correct when she asserts that this "does not permit the ALJ to simply disregard these findings" but that is not what the R&R found. Instead, it accurately concluded that the ALJ's opinion reflected consideration of the entire record and the fact that it was consistent with findings contained within those records suggested that any failure to consider them constituted at most harmless error. Accordingly, Plaintiff's first two objections are overruled. These considerations apply with equal force to Plaintiff's third objection, which is therefore also overruled for the same reasons. The court concludes that the ALJ was not required to explicitly discuss every piece of evidence in the record. This is especially true since the ALJ's analysis reflected a fulsome consideration of the evidence according to its weight and the records omitted from discussion in the opinion did not qualify as medical records of a treating physician.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's objection (Dkt. # 23) is OVERRULED and the Magistrate Judge's Report and Recommendation (Dkt. # 22) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED Defendant's Motion for Summary Judgment (Dkt. # 19) is GRANTED.

4

IT IS FURTHER ORDERED Plaintiff's Motion for Summary Judgment (Dkt. # 17) is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: September 22, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 22, 2016, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522